```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

MELVIN WOODARD,

        Plaintiff,

v.                             Case No. 3:20-cv-613-J-39JRK

E. PEREZ-LUGO, M.D.,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Melvin Woodard, an inmate of the Florida penal system, proceeding pro se and in forma pauperis (Doc. 4), initiated this civil rights action in the United States District Court for the Northern District of Florida (Doc. 1). The Northern District transferred the action to this Court because Plaintiff complains about conduct that occurred at Columbia Correctional Institution-Annex (CCI), which is in this district. See Orders (Docs. 12, 19).

Before the Northern District transferred the case here, it directed Plaintiff to amend his complaint. See Order (Doc. 5; Order to Amend). In its Order, the Northern District explained why Plaintiff's initial complaint was deficient and set forth the perquisites to state a plausible claim for relief under the Eighth Amendment for the denial of medical care. See Order to Amend at 3-5. The Court instructed Plaintiff that "presenting legal conclusions is insufficient." Id. at 6. Plaintiff thereafter

submitted an amended complaint (Doc. 9; AC) and a second amended complaint (Doc. 11; SAC), the latter of which is before the Court for initial screening.

In his second amended complaint, Plaintiff seeks to hold Dr. E. Perez-Lugo liable under 42 U.S.C. § 1983 for the alleged delay in scheduling him for an optometry appointment for an eye condition that has left him legally blind. See SAC at 5. Plaintiff alleges he was transferred to CCI on August 2, 2019, and nurses scheduled an optometry appointment, but he did not see an optometrist until March 2020. Id. at 5-6. He faults Dr. Perez-Lugo for the delay. Id. at 6.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483,

---

[1] Plaintiff's allegations in his first amended complaint are essentially the same, but in his first amended complaint, he characterizes Dr. Perez-Lugo's conduct as "negligence." See AC at 6. In his second amended complaint, Plaintiff explicitly identifies the Eighth Amendment as the source of constitutional protection under which he proceeds against Dr. Perez-Lugo. See SAC at 6-7.

2

1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's second amended complaint is subject to dismissal under this Court's screening obligation because he fails to "state

a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

Allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. Thus, when an inmate receives medical treatment, he demonstrates an Eighth Amendment violation only by showing the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

4

fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Plaintiff does not describe medical care that was "so grossly incompetent . . . as to shock the conscience." See id. Assuming Plaintiff's eye condition constitutes a serious medical need, and assuming Plaintiff's optometry appointment was unnecessarily delayed, Plaintiff alleges no facts permitting the reasonable inference the delay was attributable to Dr. Perez-Lugo. As such, Plaintiff's bald conclusion that Dr. Perez-Lugo delayed his optometry appointment amounts to a "naked assertion[]." See Iqbal, 556 U.S. at 678. As the Northern District instructed Plaintiff, to state a plausible claim for relief, a plaintiff must do more than present legal conclusions. Plaintiff offers no facts connecting the delay in treatment to any intentional conduct by Dr. Perez-Lugo.

To the extent Plaintiff seeks to hold Dr. Perez-Lugo liable for the actions of others, such as nurses or other employees, his claim fails. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

5

Accordingly, it is

**ORDERED**:

1.   This case is **DISMISSED without prejudice.**

2.   The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Melvin Woodard